DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Coventry (hereinafter referred to as the Board). Ruth H. Wolf (hereinafter referred to as Plaintiff) seeks reversal of the Board's decision of December 7, 1994. In its decision, the Board granted the application of Salvatore Martira requesting a dimensional variance for the construction of a single-family dwelling. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Marion Moan (hereinafter referred to as Moan) owns real property located on Meadow Farm Road, a disputed right-of-way off Covintown Road. The property consists of Lot 10 on Assessor's Plat 93. The Lot is located in an R-20 zone, which requires 120 feet of frontage on a street.
Salvatore Martira (hereinafter referred to as Martira) entered into a sales agreement to purchase the above property subject to Martira's being able to obtain a building permit to construct a single-family dwelling. Martira submitted an application to the Board requesting a dimensional variance from the 120 feet frontage requirement for a single-family dwelling. Lot 10 is not adjacent to a public road. Lot 10 has frontage on a disputed right-of-way, Meadow Farm Road.
On November 2, 1994, the Board held a hearing on Martira's application. The Board heard testimony and received evidence on the need for the variance. The Board also heard objections and concerns from abutting property owners about the use of Meadow Farm Road, a disputed right-of-way. Plaintiff testified, "I don't know where the right-of-way is and I have lived there 42 years." (Tr. at 10).
On December 7, 1994, the Board issued a written decision granting Martira's application for a dimensional variance. The Board found that the "right-of-way . . . is defined by its present existence but [has] no known description of it's (sic) precise whereabouts . . . ." (Decision of the Coventry Zoning Board, dated December 7, 1994). The Board also found that a number of deeds refer to the right-of-way, there is no other access to the applicant's property, and the frontage on the right-of-way is 75 feet. The Board decided "[t]hat to deny the petitioner a variance would deprive him of all beneficial use of 33 acres . . . ." (Decision of the Coventry Zoning Board, dated December 7, 1994). The Board approved the application with the stipulation that "approval is given for access to one (1) house." (Decision of the Coventry Zoning Board, dated December 7, 1994).
Plaintiff, an abutting property owner, filed a timely appeal of the Board's decision. Plaintiff argues that the Board essentially granted Martira and Moan a right-of-way without statutory authority to do so. Plaintiff also argues that the Board prematurely granted Martira a dimensional variance, as a court of equity has not yet decided the existence or non-existence of the alleged right-of-way.
Moan and Martira (hereinafter referred to as Defendants) respond that the Board properly granted a dimensional variance under the Viti doctrine. They assert that the Board did not specifically decide the existence or non-existence of the disputed right-of-way.[1]
 STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board of he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." NewEngland Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Associationof Fire Fighters, AFL-CIO, Local 1589, 119 R.I. 506,380 A.2d 521 (1977)).
 RIGHT-OF-WAY
Plaintiff argues that the Board had no authority to decide the right-of-way issue. Plaintiff argues that Meadow Farm Road is not the right-of-way mentioned on the deeds. Plaintiff maintains that only a court of equity may decide the right-of-way issue. Defendants assert that the Board limited its decision to granting the applicant a dimensional variance.
A front lot line is defined as "the lot line separating a lot from a street right of way." Section 45-24-31 (43)(a). By this definition, a lot must have access to a road or right-of-way. Under the subdivision regulations "[a]ll lots shall front on an existing or proposed public street." Code of Ordinances of the Town of Coventry, Subdivision Regulations sect. V, Article F(1). Even lots which are isolated must have some access to either a public road or reserved outlots. Section 45-23-1(1)(c)(D). The town must provide for access to a lot for emergency and fire-fighting vehicles before a building permit is issued. See
§ 45-23.1-4. The access point for the subject Lot 10 is the disputed right-of-way called Meadow Farm Road.
"Zoning boards are creatures of statute; hence they possess only the powers, rights, duties, or responsibilities conferred upon them by the Legislature." Zeilstra v. Barrington ZoningBoard of Review, 417 A.2d 303, 309 (R.I. 1980). Under §45-24-57, the Board is not empowered to decide ownership interests in property. "[T]he extent of the respective parties' ownership interests must be adjudicated in a court of equity." Lett v.Caromile, 510 A.2d 958, 961 (R.I. 1986). Contested easements and rights-of-way are interests in land which must be decided by a court of competent jurisdiction. See Id.
In its decision, the Board acted in excess of its statutory authority by deciding that Meadow Farm Road constitutes a right-of-way. The Board acknowledged the existence of an unresolved controversy on the right-of-way when it admitted that there is "no known description of [the right-of-way's] precise whereabouts . . . ." (Decision of the Coventry Zoning Board, dated December 7, 1994). Despite this ambiguity, the Board stated that Meadow Farm Road exists as a right-of-way and Lot 10's frontage on the right-of-way is 75 feet. (Decision of the Coventry Zoning Board, dated December 7, 1994). The Board clearly decided a public right-of-way exists in favor of the applicant when it granted approval to the applicant with a stipulation which states, "The approval is given for access to one (1) house." (Decision of the Coventry Zoning Board, dated December 7, 1994).
In granting access to Lot 10 by deciding that Meadow Farm Road is a public right-of-way, the Board acted without statutory authority. Under Lett, a zoning board is not empowered to decide ownership interests in land. The evidence before the Board demonstrated a genuine legal dispute on the existence of a right-of-way. A court of equity must decide such disputes. Before the Board can grant a dimensional variance for frontage on Meadow Farm Road, a court of equity first must determine whether Meadow Farm Road even exists as a right-of-way or whether it is actually private property as maintained by Plaintiff.
Accordingly, after reviewing the entire record, this Court reverses the decision of the Zoning Board of Review of the Town of Coventry granting a dimensional variance to the applicant.
Counsel for Plaintiff shall submit an appropriate order for entry.
[1] The Court observes that Plaintiff failed to name and serve either Moan or Martira contrary to the provisions of G.L. 195645-24-69 (A). Moreover, the Court notes that counsel appeared for both on March 9, 1995, and fully participated in this matter thus effectively waiving any claim of failure to name an indispensable party or insufficiency of process or similar types of claims.