[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is before the Court on the appeal of John Christy, Jr. ("Appellant") from a decision of the Zoning Board of Review for the City of Warwick ("Board"). The Board's decision granted the request of Marie M. D'Amico ("Appellee") for a dimensional variance necessary to construct a deck above an existing patio located on her lot. Jurisdiction is pursuant to G.L. (1956) § 45-24-69.
 Facts and Travel
The Appellee owns real property located at 44 Beachwood Drive in the City of Warwick, Rhode Island, otherwise identified as Warwick Assessor's Plat 203, Lot 9 ("Property"). The Property, located in the Potowomut section of Warwick, is zoned residential A-15. The Appellee wants to construct a deck with dimensions of 10 x 37 feet. Because the Property is located in an A-15 zone, construction of the proposed deck requires zoning relief in the form of dimensional variances from two setback requirements established in the Warwick Zoning Ordinance ("Ordinance").
Pursuant to Ordinance § 906.1 and G.L. (1956) § 45-24-41(a), the Appellee applied to the Board for the necessary dimensional relief to accommodate the proposed construction. The Appellee's Property has approximate dimensions of 50 x 170 feet and the existing dwelling measures 31 × 35 feet. The Survey and Site Plan for Marie D'Amico, prepared by Alpha Associated, LTD. and submitted with the Appellee's application, demonstrated that the construction of the proposed 10 × 37 foot deck would require 6'2" of side yard setback relief on the north side, 6" of side yard setback relief on the south side and 2'6" feet of coastal feature setback relief.
Although the typical side yard setback requirement for construction within an A-15 zone is 20 feet, Ordinance § 601.1(A) reduces the side yard setback requirement to ten feet for the construction of accessory uses. Ordinance § 200.3 defines accessory use as a use of land or of a building, or portion thereof, customarily incidental and subordinate to the principal use of the land or building. An accessory use may be restricted to the same lot as the principal use. An accessory use shall not be permitted without the principal use to which it is related. To construct an accessory use in an A-15 zone, the Ordinance requires that any structure built on the subject lot maintain a minimum side yard setback of 10 feet. See Ordinance § 601.1(A). In addition, given the Property's waterfront location on Greenwich Bay, Ordinance § 503.1 mandates a minimum 50 foot setback from a coastal feature. Ordinance § 200.36 defines `coastal feature' as encompassing "the entire shoreline and consist of beaches and dunes, barrier beaches, coastal wetlands, coastal cliffs, bluffs and banks, rocky shores and manmade shorelines the prerequisites and classifications of which are defined within the State of Rhode Island Coastal Resources Management Program, as amended." Consequently, the Appellee's proposal requires dimensional variances from the minimum specifications listed in the Ordinance for side yard setbacks and distance from a coastal feature.
In compliance with Ordinance § 906.2(B) and G.L. (1956) § 45-24-41(b), the Board conducted a public hearing on the Appellee's application for dimensional relief on December 9, 2003. At the onset of the hearing, the Appellee offered the testimony of real estate expert Edward Fahey. Fahey testified that the neighborhood was characterized by narrow lots, densely developed, well-maintained homes. Fahey emphasized that property values had significantly increased over the last two years and that the addition of the proposed deck would neither alter the character of the neighborhood nor detrimentally impact property values. He definitively stated: "I believe that most of these properties have, as I indicated earlier in my testimony, encroachments or easement all along all these parcels; and yet each and every day their values continue to go up and they stay on the market for less and less time."
After Fahey finished, the Board heard testimony from seven (7) abutting property owners. The objectors raised similar concerns regarding the potential obstruction of the water view from the various houses. In particular, the Appellant objected to the proximity of the deck to the property line he shared with the Appellee.
Next, the Appellee testified. In an effort to appease the objectors, the Appellee agreed to modify the dimensions of her original proposal.
Subsequently, the Board heard testimony from Stephen Insana, a member of the Citizens Advisory Commission for the Special Area Management Plan for Greenwich Bay. Insana opined that as long as the structure fell within the 50-foot setback there would be no problem. He asked the board to enforce the Plan.
Lastly, the Board heard testimony from David Cole, the builder.
By the end of the hearing, the Appellee submitted modified dimensions of the initial proposal showing a compromised deck to the Board.[1]
These modifications still required the need for dimensional relief. Ordinance § 903.3(C) and G.L. (1956) § 45-24-57(2)(iii) state: "the concurring vote of four (4) of the five (5) members of the zoning board of review sitting at a hearing are required to decide in favor of an applicant on any matter within the discretion of the board upon which it is required to pass under the ordinance, including variances and special— use permits." (Emphasis added). After consideration of the testimony presented at the public hearing, the documentation provided in support of the application, and its personal knowledge and expertise of the Property and surrounding neighborhood, the Board voted unanimously to approve the application. On March 1, 2004, the Board issued a pithy written decision granting the Appellee's request for a dimensional variance to construct the proposed deck on the Property.
Pursuant to Ordinance § 908 and G.L. (1956) § 45-24-69, the Appellant timely filed the instant appeal in Kent County Superior Court on March 19, 2004. This Court remanded the matter to the Board to issue a new decision that complies the requirements set forth in G.L. (1956) §45-24-61, while reserving judgment on the merits of the instant appeal.
The remand hearing was conducted on July 19, 2005. The Board issued a revised decision dated September 14, 2005 containing their decision with all the supporting facts and reasons concerning their vote to re-affirm their grant of zoning relief to the Appellee. As such, the matter is now complete pursuant to the mandate of this Court and after reviewing the briefs submitted by the parties, the Court is now prepared to render a decision.
 STANDARD OF REVIEW
Section 45-24-69 confers jurisdiction on the Superior Court to review the decision of a zoning board. Section 45-24-69(d) provides in relevant part:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"[T]he Superior Court reviews the decisions of a plan commission or board of review under the "traditional judicial review" standard applicable to administrative agency actions." Restivo v. Lynch, 707 A.2d 663, 665
(R.I. 1998). The Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute his or her findings of fact for those made at the administrative level." Id.
at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 (R.I. 1986)).
"The trial justice may not substitute [his or her] judgment for that of the zoning board if [he or she] can conscientiously find that the board's decision was supported by substantial evidence in the whole record." MillRealty Assocs. v. Crowe, 841 A.2d 668, 672 (R.I. 2004) (quoting Apostolouv. Genovesi, 388 A.2d 821, 824-25 (R.I. 1978)). "Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Lischio v. Zoning Board ofReview of the Town of North Kingstown, 818 A.2d 685, 690, n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646,647 (R.I. 1981)).
On appeal, the Appellant contends that the Board's decision was not supported by competent evidence and was clearly erroneous in view of the reliable, probative, and substantial evidence on the record. Further, the Appellant argues that the hardship from which relief was requested was the result of prior actions by the Appellee, the relief granted was not the least relief necessary, and the hardship from which relief was requested does not amount to more than a mere inconvenience. The Board responds that it properly granted the Appellee's application because she satisfied the four-prong standard for dimensional relief and the Board's decision to grant the variance is based upon sufficient and reliable and probative evidence entered into the record.
The Court has carefully reviewed the arguments raised by both parties and the entire record of the proceedings before the Board. Before the Court can determine whether the grant of the Appellee's petition for dimensional relief is supported by substantial evidence on the record, the Court must verify that the revised decision issued by the Board meets the minimum requirements set forth in Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a).
 The Decision of the Board
Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a) require the Board to issue a written decision either affirming or denying a request for zoning relief. The decision must include "all findings of fact and conditions, the vote of each participating member, and the absence of a member or his or her failure to vote." Id. "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper [under] the circumstances." von Bernuthv. Zoning Board of Review, 770 A.2d 396, 401 (R.I. 2001) (quoting IrishPartnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986)).
The Rhode Island Supreme Court has "caution[ed] zoning boards and their attorneys to make certain that zoning-board [sic] decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d)." von Bernuth, 770 A.2d at 402. In von Bernuth, the Supreme Court reversed the affirmance of a zoning board decision approving a request for dimensional relief. The Supreme Court found that the failure of the Board to provide substantive findings to demonstrate compliance with not only the four-prong standard for zoning relief but also the requisite degree of demonstrable hardship constituted reversible error.
After review of the revised decision issued by the Board on the Appellee's request for dimensional relief, the Court is satisfied by the findings of fact that provide the basis for the approval. In light of the testimony which comprises the seventy-one (71) page transcript of the proceedings below and the remand hearing, the Board makes certain specific findings of fact as to the variance requested from the coastal feature and side yard setbacks in their revised decision. The first finding identifies that the Property is one of only a few dwellings without a deck in the area which is comprised of small previously platted lots. The second finding states the Appellee did not construct the house on the subject lot, nor configure the lot shape. The third finding states that the proposed deck is in keeping with the character of the dwelling and the existing development in the surrounding area. The fourth finding indicates the deck is a raised deck and does not extend outside the existing building envelope. Finally, the fifth finding notes that there would be no other area for the Appellee to construct the proposed deck. These evidentiary findings and the fact that the Board voted unanimously to approve the Appellee's application for dimensional relief provide the Court with the necessary means to review the Board's decision.
The Appellant suggests that the Board's revised decision does not meet the minimum requirements set forth in Ordinance § 903.5(A) and R.I. § (1956) 45-24-61 for three reasons, all of which are unavailing. The Appellant first argues that the Board's revised decision violated the statute and the ordinance because it failed to show the vote of each member participating in the decision. The Board's decision was unanimous, and thus it was not fatal for the Board to not include the individual vote of each participating member since it was self-explanatory. Second, the Appellant contends that the Board's revised decision failed to meet the said minimum requirements since it did not reference, as a condition of the approval, the compromised deck. However, the Board clearly states in its revised decision that "[t]he deck is a raised deck . . . and as revised, the proposed deck seeks the least relief necessary". Third, the Appellant believes the Board's revised decision failed to substantively address the coastal relief requested, thus violating the statute and ordinance. The Board is not required to make separate findings of fact as to each variance requested and the findings made by the Board support their decision.
Therefore, the Court finds that the revised decision issued by the Board is in compliance with Ordinance § 903.5(A) and G.L. (1956) §45-24-61(a) because it sets forth in sufficient detail the findings of fact that the Board relied on in granting the Appellee's request for a dimensional variance. Thus, the Court possesses the necessary information to reasonably evaluate the Board's decision and the Court can reach the substantive merits of the instant appeal.
 Dimensional Relief
Section 45-24-31(61)(ii) defines a dimensional variance as:
 "Permission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations."
In order to obtain a dimensional variance, Ordinance § 906.3 (A) sets forth the four-prong standard which an applicant must satisfy to obtain relief:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not the general characteristics of the surrounding area, and is not due to the physical or economic disability of the applicant;
 (2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general characteristics of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the city;
 (4) That the relief to be granted is the least relief necessary.[2]
As to the first prong, an applicant must demonstrate "that the hardship the applicant would suffer if the dimensional relief is not granted amounts to more than a mere inconvenience." Lischio, 818 A.2d at 691
(quoting § 45-24-41(d)(2)). Before reviewing the propriety of the Board's determination on the first prong, the Court must briefly address the conflicting definitions of the requisite degree of hardship presented in Ordinance § 906.3(B)(2) and G.L. (1956) § 45-24-41(d)(2).[3]
A brief legislative and judicial history tracing the evolution of the applicable requisite degree of hardship may be helpful. From 1960 until 1991, the judicially created doctrine in Viti v. Zoning Board of Reviewof Providence, 166 A.2d 211 (R.I. 1960), established the proposition that applicants for a dimensional variance need only show that the hardship that would result from the denial of a request for dimensional relief amounts to more than a mere inconvenience. As such, applicants "who wanted to establish a right to dimensional relief were not required to demonstrate a loss of all beneficial use of the parcel in the absence of [dimensional relief.]" Lischio, 818 A.2d at 691 (citing Viti,166 A.2d at 213).
In 1991, the General Assembly amended § 45-24-41(d)(2) to reflect a more stringent degree of demonstrable hardship. The 1991 amendment, which superseded the Viti Doctrine, read in pertinent part:
 "That the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." P.L. 1991 ch. 307, § 1 (emphasis added).
From 1991 until 2002, the Court adhered to and applied this heightened standard. See von Bernuth v. Zoning Board of Review, 770 A.2d 396 (R.I. 2001) (discussing effect of 1991 Amendment to § 45-24-41(d)(2) heightening requisite degree of hardship); Sciacca v. Caruso, 769 A.2d 578
(R.I. 2001) (same). Because the last revision of the Ordinance occurred in 2001, Ordinance § 906.3 (B)(2) adopted the language used in the 1991 Amendment. As such, the section reads in relevant part:
 "that the hardship suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
Nevertheless, in 2002, the General Assembly again amended § 45-24-41(d)(2) by removing the language added in 1991 thereby reincarnating the lesser standard represented by the Viti Doctrine: "that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience." P.L. 2002, ch. 384, § 1.
It is important to recognize that the amended version of § 45-24-41(d)(2) controls the standard of review, because it effectively preempts the Ordinance language. As articulated in Ordinance § 102, "This ordinance is set forth in compliance with G.L. 1956 §§ 45-24-27
[through] 45-24-72 (as amended), also known as the Rhode Island Zoning Enabling Act of 1991." In addition, the Rhode Island Supreme Court has unequivocally stated that the authority of a zoning board is circumscribed by the terms of the zoning enabling act, and "the jurisdiction thereby conferred can neither be expanded nor diminished by the terms of an ordinance." Lincourt v. Zoning Boardof Review of Warwick, 201 A.2d 482, 485 (R.I. 1964). Because the instant case arose subsequent to the 2002 amendment, the Court will apply the lesser standard codified in § 45-24-41(d)(2) rather than Ordinance § 906.3(B)(2). As such, to satisfy the first prong of the standard, the Appellant must show that any hardship caused by the denial of his request for dimensional relief amounted to more than a mere inconvenience.
In the instant case, the Appellant argues that the hardship from which relief was requested does not amount to more than a mere inconvenience. In support of this argument, the Appellant contends the main reason the variance was requested was to allow the Appellee a more convenient access to the proposed deck. Further, the Appellant argues that the Appellee can enjoy the Property without the side yard setbacks. As such, he opines that the Appellee has not established that there is no other reasonable alternative to enjoy a legally permitted use of the property. Consequently, he advances the argument that the Board's decision is not supported by the reliable, probative, substantial evidence on the record.
The Court finds that the Appellant's argument is incorrect. First, the Court emphasizes that the applicant for a dimensional variance has the burden of proof on each and every prong of the standard. In the instant case, the Board found that sufficient evidence existed in the record to support the contentions of the Appellee and her expert, and the Board did not find the testimony of the objectors, including Appellant, persuasive or controlling. In its appellate capacity, absent a glaring abuse of discretion on the part of the Board, the Court lacks the authority to question the Board's credibility determination with respect to the weight attributed to the testimony of witnesses. SeeRestivo, 770 A.2d at 665-66. Further, the Board stated in its revised decision that "[l]iteral enforcement of the dimensional regulations in this case would constitute more than a mere inconvenience for the applicant", finding "[t]here would be no other area for the petitioner [Appellee] to construct the proposed deck". This constitutes `competent evidence' to support the Board's finding as to the first prong of the standard.
To satisfy her burden on the second prong, the Appellee must demonstrate that the alleged hardship is not the result of any prior action on the part of the applicant and does not result primarily from the applicant's desire for financial gain. The Appellant argues that the Appellee was seeking to build a non-conforming deck to the rear of her home to accommodate the sliding doors that she installed (without a permit) after purchasing the home. After reviewing the entire record, the Court agrees with the Board's decision that the "petitioner [Appellee] did not create the hardship". To support its finding the Board concluded in its revised decision that the Appellee did not construct the original house on the subject lot, nor configure the lot shape.
With respect to the third prong, the Appellee must demonstrate that the requested relief will not alter the general characteristic of the surrounding area or impair the intent or purpose of Ordinance or the comprehensive plan of the city. With respect to land use regulations, the objectives of the comprehensive plan are as follows: (1) to examine past, present, and anticipated future land use trends; (2) to make efficient use of available land and proper reuse and expansion of existing land uses; (3) to protect, preserve, and enhance residential neighborhoods and environmentally sensitive areas; (4) to rationally accommodate new industrial, commercial, residential, and other development; (5) to avoid land use mistakes of the past; (6) to encourage and promote past, desirable land use practices; (7) to stimulate and provide new policy direction and land use techniques; (8) to strike a balance between pro-development policy and an anti-growth policy; and (9) to provide a policy statement to serve as a reference for land use issues.See Comprehensive Plan of the City of Warwick, Land Use Element, ch. 7, p. 94.
Similarly, the purpose of the Warwick Zoning Ordinance is to (1) promote the public health, safety, and general welfare of the city; (2) provide for a range of uses and intensities of use appropriate to the character of the city and reflect current and expected future needs; (3) provide for orderly growth and development. See Ordinance § 103.
In granting the Appellee's request for dimensional relief, the Board relied on its personal knowledge of the neighborhood after having viewed the premises and the surrounding area to accept the Appellee's real estate expert's opinion that the proposed deck would not alter the character of the neighborhood. In its revised decision, the Board noted that the proposed deck is in keeping with the character of the dwelling and the existing development in the surrounding area. Moreover, to supports it decision the Board found "[t]hat the subject property is one of only a few dwellings without a deck in the area".
Finally, to satisfy the fourth prong, the Appellee must show that the relief provided by the variance is the least relief necessary to alleviate the hardship. The burden is on the Appellee to demonstrate that the dimensional variances requested is, in fact, the least relief necessary. The Court is persuaded that this is the least relief necessary, agreeing with the Board in its revised decision that "[t]he deck is a raised deck and it does not extend outside the existing building envelope and, as revised, the proposed deck seeks the least relief necessary". Therefore, the Court finds that the record is sufficient to support the Appellee's assertion that the requested relief is the "least relief necessary."
 Conclusion
For the reasons stated above, the Court affirms the decision of the Board and denies the Appellant's request for relief. The Court finds that the Board's decision to grant the application was supported by the reliable, probative, and substantial evidence of record, because the Appellee provided sufficient evidence to satisfy the four-prong standard for securing dimensional relief. Counsel shall submit the appropriate order.
[1] The two sides of the proposed deck would be angled in resulting in the front corner of the proposed deck being now 10 feet off of the Appellant's property line instead of 3.8 feet.
[2] The standard set forth in § 906.3(A) of the Ordinance is substantial similar to G.L. (1956) §45-24-41(c) which reads: "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary."
[3] It should be noted that the hardship language contained in §45-24-41(d)(2) and Ordinance § 906.3(B)(2) refers exclusively to dimensional variances and does not apply to use variances.