[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is before the Court on the appeal of Donald S. Alarie ("Appellant") from a decision of the Zoning Board of Review for the City of Warwick ("Board"). The Board's decision denied the Appellant's request for a special use permit and a dimensional variance necessary to convert an existing single-family dwelling into a two-family dwelling. Jurisdiction is pursuant to G.L. (1956) § 45-24-69.
 Facts and Travel
The Appellant owns real property located at 189 Spring Green Road in the City of Warwick, Rhode Island, otherwise identified as Warwick Assessor's Plat 302, Lot 446 ("Property"). The Property is zoned Residential A-7. The Appellant seeks to finish the already roughed in lower level of the house to create a separate one-person apartment. Because the lot is located in an A-7 Residential zone, substantial zoning relief in the form of a special use permit and a dimensional variance from the minimum side yard setback requirement for a two-family dwelling as established in the Warwick Zoning Ordinance ("Ordinance") is required.
Pursuant to Ordinance § 906.1, the Appellant applied to the Board for the required special-use permit and the necessary dimensional relief to accommodate the proposed project. As stated above, the Property is zoned A-7 residential and thus, a proposed two-family dwelling requires a special use permit. See
Ordinance Table 1 — Use Regulations number 102. Additionally, theSite Plan submitted with the Appellant's application demonstrated that the proposal would result in a twelve-foot side yard. However, the Ordinance requires a minimum side yard setback of fifteen feet for a proposed two-family dwelling zoned in a Residential A-7 area. See Ordinance § 502.3(E)(1). Consequently, the Appellant's proposal also requires a dimensional variance from the minimum specifications listed in the Ordinance.
In compliance with Ordinance § 906.2(B), the Board conducted a public hearing on the Appellant's application for a special use permit and dimensional relief on October 19, 1999. At the hearing, the Board heard testimony from the Appellant, who spoke on his own behalf. He testified that he bought this one-family, two-level home three months ago, but now he wished to make the lower level into a one-person apartment. Although he submitted no supporting documentation at the hearing, the Appellant represented that the Property was located in a neighborhood that did not primarily consist of one-family homes. The Board disagreed with the Appellant's assertion. No one else spoke at the hearing.
After consideration of the testimony presented at the public hearing, the documentation provided in support of the application, and its personal knowledge and expertise of the Property and surrounding neighborhood, the Board found that the Appellant failed to carry the burden of proof necessary to obtain a special use permit and a variance for dimensional relief. Consequently, on November 4, 1999, the Board issued a written decision denying the Appellant's request for a special use permit in conjunction with a dimensional variance to convert the existing single-family dwelling into a two-family dwelling on the Property.
Pursuant to Ordinance § 908 and G.L. (1956) § 45-24-69, the Appellant timely filed the instant appeal in Kent County Superior Court on November 22, 1999. After receiving the briefs submitted by both parties, the Court is now prepared to render its decision on the merits of the appeal.
 Standard of Review
Section 45-24-69 confers jurisdiction on the Superior Court to review the decision of a zoning board. Section 45-24-69(d) provides in relevant part:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"[T]he Superior Court reviews the decisions of a plan commission or board of review under the "traditional judicial review" standard applicable to administrative agency actions." Restivov. Lynch, 707 A.2d 663, 665 (R.I. 1998). The Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute his or her findings of fact for those made at the administrative level." Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 (R.I. 1986)).
"The trial justice may not substitute [his or her] judgment for that of the zoning board if [he or she] can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Mill Realty Assocs. v. Crowe,841 A.2d 668, 672 (R.I. 2004) (quoting Apostolou v. Genovesi,120 R.I. 501, 508, 388 A.2d 821, 824-25 (1978)). "Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Lischio v.Zoning Board of Review of the Town of North Kingstown,818 A.2d 685, 690, n. 5 (R.I. 2003) (quoting Caswell v. George ShermanSand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)).
On appeal, the Appellant contends that the Board's decision was not supported by competent evidence and was clearly erroneous in view of the reliable, probative, and substantial evidence on the record. Specifically, the Appellant disagrees with the Board's finding that the Appellant's proposed use of the Property as a two-family home would not be in keeping with the general characteristics of the neighborhood. The Appellant suggests that the Board erred by rejecting his testimony that the neighborhood in question consisted of multiple two-family dwellings and that his Property was the same size as other surrounding lots. Additionally, the Appellant argues that even though his proposal requires dimensional relief from the Ordinance, this does not constitute good and sufficient reason for the Board to deny his petition. Lastly, the Appellant contends that the Board erroneously ignored his reasons for applying for zoning relief which were to rent the proposed one-person apartment to someone in the medical profession who could assist him with his medical condition and not, as the Board implies, "for profit".
The Board responds that the Appellant failed to provide any evidence that the Appellant would lose all beneficial use of his property if the petition was denied and therefore, the Appellant is not entitled to zoning relief. Consequently, the Board argues that it properly denied the Appellant's application because he failed to meet his burden of proof to introduce sufficient evidence in support of his application for zoning relief.
The Court has carefully reviewed the arguments raised by both parties and the entire record of the proceedings before the Board. For the foregoing reasons, the Court finds that substantial evidence exists on the record to affirm the Board's denial of the requested zoning relief.
 The Decision of the Board
Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a) require the Board to issue a written decision either affirming or denying a request for zoning relief. The decision must include "all findings of fact and conditions, the vote of each participating member, and the absence of a member or his or her failure to vote." Id. "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper [under] the circumstances." von Bernuth v. Zoning Board of Review,770 A.2d 396, 401 (R.I. 2001) (quoting Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986)).
After review of the revised decision issued by the Board on the Appellant's request for dimensional relief, the Court is satisfied by the findings of fact that provide the basis for the denial. In light of the testimony, the Board makes certain specific findings of fact. First, the Board identifies that the Property is zoned Residential A-7; second, the Board acknowledges that Appellant has owned the Property for eleven months; third, the Board notes that there is an existing single-family dwelling located on the Property which the Appellant proposes to convert to a two-family dwelling; fourth, the Board recognizes that the Appellant is seeking relief from the minimum side yard setback requirement for a two-family dwelling; and fifth, the Board finds that the area surrounding the Property consists of mostly single-family dwellings.
The Board's decision also adequately documents the Board's application of the factual findings as stated above to the legal standards promulgated by the State of Rhode Island and the City of Warwick for granting zoning relief. As to the special use permit, the Board concluded that "the special use permit is authorized by Section 502 and Table 1 use regulations #102 of the Warwick Zoning Ordinance, upon approval of the Zoning Board of Review" but "the special use does not meet all of the criteria set forth in said section" and "the proposed use will alter the general character of the surrounding area."
As to the variance requested, the Board found:
 "the hardship from which the petitioner seeks relief is not due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area and not due to a physical or economical disability of the applicant because the petitioner is proposing a second unit for rental. Said hardship is the result of any prior action of the applicant and does result primarily from the desire of the applicant to realize greater financial gain because the petitioner is realizing a beneficial use of the subject property as a legally permitted single-family dwelling. The granting of the requested variance will alter the general characteristics of the surrounding area and impair the intent or purpose of this zoning ordinance or the comprehensive plan of the City because the area surrounding the subject property consists of single-family dwellings. The relief requested is not the least relief necessary because the dwelling does not meet all dimensional requirements of the ordinance. That denial of the application will not create an unnecessary hardship or amount to more than a mere inconvenience for the petitioner, and is not the only reasonable alternative to enjoy a legally permitted beneficial use of the subject property because the petitioner is presently realizing a beneficial use of the subject property as a single-family dwelling."
Therefore, the Court finds that the decision issued by the Board is in compliance with Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a) because it sets forth in sufficient detail the findings of fact that the Board relied on in denying the Appellant's request for zoning relief. Thus, the Court possesses the necessary information to reasonably evaluate the Board's decision and the Court can reach the substantive merits of the instant appeal.
 Zoning Relief
Section 45-24-31 (57) defines special use as a "regulated use which is permitted pursuant to the special-use permit issued by the authorized governmental entity." In order to obtain a special use permit, Ordinance § 906.3 (C) sets forth the pre-requisites which an applicant must satisfy to obtain relief:
 (1) That the special use is specifically authorized by this ordinance, and setting forth the exact subsection of this ordinance containing the jurisdictional authorization;
 (2) That the special use meets all of the criteria set forth in the subsection of this ordinance authorizing such special use; and
 (3) That the granting of the special use permit will not alter the general character of the surrounding area or impair the intent or purpose of this ordinance or the comprehensive plan of the city.
While G.L. (1956) § 45-24-31(61)(ii) defines a dimensional variance as:
 "Permission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations."
And in order to obtain a dimensional variance, Ordinance § 906.3 (A) sets forth the four-prong standard which an applicant must satisfy to obtain relief:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not the general characteristics of the surrounding area, and is not due to the physical or economic disability of the applicant;
 (2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general characteristics of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the city;
 (4) That the relief to be granted is the least relief necessary.
More importantly, R.I. Gen. Laws § 45-24-42(a) states that the "zoning ordinance shall provide for the issuance of special-use permits approved by the zoning board of review" and R.I. Gen. Laws § 45-24-42(c) permits a zoning board of review to grant dimensional relief in conjunction with a special use permit if and only if the applicable ordinance so provides. Section45-24-42(c) reads:
 "the ordinance additionally may provide that an applicant may apply for, and be issued, a dimensional variance in conjunction with a special use. If the special use could not exist without the dimensional variance, the zoning board of review shall consider the special use permit and the dimensional variance together to determine if granting the special use is appropriate based on both the special use criteria and the dimensional variance evidentiary standards."
Turning to the instant case, Ordinance Table 1 — Use Regulations number 102 — explicitly allows the use of a piece of property zoned Residential A-7 as two-family dwelling by special use permit only but subject to the requirements of Ordinance § 502. Ordinance § 502.1 states in part that "any application for a two-family dwelling shall require a special use permit from the zoning board of review in accordance with the requirements of subsection 906 and the specific requirements of this subsection." Lastly, Ordinance § 502.3(E) specifically mandates as one of the minimum dimensional requirements a fifteen foot side yard for a two-family dwelling on a lot zoned Residential A-7.
In a similar case, the Supreme Court, in Newton v. ZoningBoard of Review, held that a dimensional variance can be granted only in conjunction with a legally permitted use, not in conjunction with a use granted by special permit. Newton v.Zoning Bd. of Review, 713 A.2d 239, 242 (R.I. 1998). InNewton, the Supreme Court considered the Ordinance which required compliance with certain minimum developmental standards as a prerequisite to obtaining a special use permit. Id.
Specifically, under the Ordinance a special use permit could only be granted if, in addition to the general requirements for granting such relief, the applicant also complied with the minimum standards for lot size, density, parking, exit, entrance, landscaping, side and rear lot requirements. Id. In dicta, the Supreme Court stated it is instructive to consider that the statutory definition of dimensional variance contemplates a "legally permitted use." Id. (quoting R.I. Gen. Laws § 45-24-31
(61)(b)(ii) (applicant must show no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless the dimensional variance is granted)). Further, it is important to note that under Ordinance § 906.3B(2), an applicant seeking dimensional relief must prove, inter alia, that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property.
In this case, although a two-family dwelling is permitted by special permit under the Ordinance, Appellant's proposal additionally requires dimensional relief from the fifteen foot side yard setback requirement. As explained above, a special use permit in conjunction with dimensional relief can only be granted if the Ordinance specifically so provides. As in Newton, the Ordinance does not specifically provide that a dimensional variance and a special use can be granted in conjunction. Thus, the Supreme Court's holding in Newton is applicable here because the Appellant's application for zoning relief asked for a special use permit in conjunction with a dimensional variance and this Court, after an independent review, confirms that the special use permit section of the Ordinance does not incorporate § 45-24-42(c) allowing for a joint grant of a dimensional variance and a special use permit. Thus, in this case, the Board cannot properly grant a special use permit in conjunction with a dimensional variance under the Ordinance for the reasons stated above. Therefore, the Board acted properly and within its authority in denying the Appellant's application for zoning relief.
 Conclusion
For all of the foregoing reasons, this Court finds that the Board's decision was supported by reliable, probative, and substantial evidence on the record, that it was not made upon unlawful procedure, nor did it constitute an abuse of discretion. Substantial rights of the Appellant have not been prejudiced. Accordingly, the decision of the Board denying the application is hereby affirmed. Counsel shall submit an appropriate form of judgment for entry.