DECISION
This matter comes to the Court on appeal from a decision of the Zoning Board of Review of the Town of Narragansett ("board") to approve special use permits for Joseph G. Formicola, Jr. ("Formicola" or the "Applicant") to build a two-story office building at Lot 288C on Point Judith Road. The board approved a special use permit for commercial offices in a B-B zoning district under Narragansett Zoning Ordinance § 6.1, Use 60, and a special use permit to build on a substandard lot under Narragansett Zoning Ordinance § 8.1(c). The board formally approved the permits on November 14, 2005 after conducting a hearing on the matter on August 11, 2005 and August 18, 2005. The Plaintiff, Kelen Inc., objected to the application to approve the special use permits, and timely filed this appeal in accordance with R.I.G.L. § 45-24-69(a) on December 2, 2005.
 FACTS AND TRAVEL
The Applicant submitted a request to the Town of Narragansett to construct a two-story office building on Point Judith Road at Lot 288C on Tax Assessor's Plat P. To *Page 2 
begin construction, special use permits were required. In his quest to gain approval for construction, he encountered three issues. First, he needed to tie into the Town's sewers. Second, he needed to assure the Town that his project would not increase the water runoff onto adjacent properties in the area. Third, he needed to address the allegation made by the objectors that his project would increase and exacerbate the existing runoff from another adjacent property at 118 Point Judith Road.[1]
After Formicola made a series of adjustments to his building plans, the board held its hearing on August 11, 2005. The hearing continued on August 18, 2005. During the hearing, Formicola presented three expert witnesses: professional engineer Steve Garofalo of Garofalo 
Associates, real estate expert Jerry Sahagian, and professional engineer Nicholas Piampiano of Garofalo Associates. Garofalo testified that the Formicola project was in conformity with Town regulations and should be approved by the board. Hearing Transcript dated Aug. 11, 2005, at 30 ("Tr. I"). Sahagian testified that the project was "in harmony with the surrounding properties," would not have an adverse impact on safety, health and welfare and conformed to the Town's zoning ordinances and its comprehensive plan. Tr. I at 33-34. Piampiano briefly testified regarding the directional flow of the ground water. HearingTranscript dated Aug. 18, 2005, at 26 ("Tr. II").
Plaintiff Raymond F. Kells is the owner of Kelen, Inc., ("Plaintiff" or "objectors"). The Plaintiff owns real estate abutting the Formicola property on Point Judith Road in Narragansett. The Plaintiff's real estate, designated as Assessor's Plat P, *Page 3 
Lot 288B, is located downhill from the proposed Formicola office building. Through counsel, Plaintiff objected to the Formicola application, but presented no witnesses.
At the conclusion of the hearing, the board unanimously approved the Formicola application and granted the special use permits requested. The approval of the Formicola application contained the following conditions: (1) "to maximize the detention area in the rear of the property to the greatest extent possible to maintain as much utility there in the ability to attain runoff to the extent possible" and (2) "in the development of this parcel, any discovered drainage system that may or may not exist underground be repaired, maintained, upgraded so that anything on this site as it may exist is functional and working."Tr. II at 34-35.
The board filed its decision with the Clerk of the Town of Narragansett on November 14, 2005. The Plaintiff timely filed an appeal under R.I.G.L. 45-24-69(a) on December 2, 2005.
 STANDARD OF REVIEW
Rhode Island General Laws § 45-24-69 provides the court with the authority to review the decisions of town zoning boards. Under §45-24-69(d), the court has the power to affirm, reverse or remand a zoning board decision. In conducting its review, "[t]he court shall not substitute its judgment for that of the zoning board. . . . as to the weight of the evidence on questions of fact." G.L. § 45-24-69(d). The court may reverse or modify the zoning board's decision "if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 "(1) In violation of constitutional, statutory, or ordinance provisions
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3)Made upon unlawful procedure; *Page 4 
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Id.
"[I]n reviewing a decision of a zoning board of review, the trial justice `must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence.'"Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981), quoting Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980) (other quotations omitted) (emphasis added). Substantial evidence is relevant evidence that a reasonable man would accept as adequate to support the board's conclusion. Id. If the court were to quantify "substantial" evidence, it would amount to "more than a scintilla but less than a preponderance." Id. In short, if the zoning board provided some credible or defensible support for its conclusion, the reviewing court cannot overturn that conclusion even if the court disagrees with it.
 ANALYSIS
The Sewer Tie-In
Both sides presented conflicting information regarding the Applicant's ability to tie into the Town's sewers. The Applicant stated that he had received permission from the Narragansett Town Council to tie into the Town's sewers. Tr. II at 31. However, the Plaintiff argued that the Applicant must cross the Plaintiff's property to tie into that sewer line. Tr. I at 37. Without an easement to cross the Plaintiff's property, the Applicant would be cut off from the sewer line, regardless of what the Town had approved. Furthermore, the Town Solicitor advised the board to condition approval of the Formicola application on the Applicant providing "proof to the Town that he does have *Page 5 
the right to access the sewer line." Letter from Mark A. McSally, Town Solicitor, to Town of Narragansett Zoning Board of Review (Aug. 18, 2005) ("McSally Letter").
The Applicant countered the Plaintiff's assertions by stating that the conflict over the existence of an easement was a legal issue, not a zoning issue. He urged the board to approve the application based on the information its members had before them rather than weigh in on the legal question of the existence of an easement. Furthermore, the Applicant pointed to a sewer stub on his land as sufficient evidence that he could tie into the sewers even in the absence of an easement.Tr. II at 5. The Applicant also referenced the stub in the plan he submitted to the Town Council with his application to build. Tr. II at 4-5.
The board viewed the permission given by the Town of Narragansett to Formicola to tie into the sewer line as sufficient evidence to approve the application. Thus, the board's decision with regard to this issue is supported by sufficient and reliable evidence. The board properly deemed any conflicts over an easement, a right of way, or the existence of the stub, as outside its jurisdiction. The board'slegal conclusions in this regard are consistent with precedent. In Lett v. Caromile, the Rhode Island Supreme Court described a zoning board's conclusion that an easement was nonexclusive as improper because zoning boards have no authority to adjudicate conflicts over easements. 510 A.2d 958, 961
(R.I. 1986). Rather, as "an interest in land," the scope of an easement "must be adjudicated in a court of equity." Id. Here, the sewer tie-in issue depends heavily — perhaps exclusively — on the existence of an easement. As a result, the board lacks jurisdiction to deny this application on the grounds that an easement does or does not exist. The approval was contingent upon a sewer line connection located in Barton *Page 6 
Avenue, and therefore it is the Applicant's responsibility to make that connection through easement or otherwise. Thus, the board acted properly in refusing to adjudicate the existence, extent or enforcement of an easement between abutting land owners.
The Increased Runoff from the Formicola Property
The Town initially expressed concerns over the potential increased runoff the new construction would create. In light of that concern, the Applicant revised its storm water management plans and provided them to the Town. The Town's Engineering department approved the proposed storm water management and found the Applicant in compliance with the Town Storm Drain Ordinance Requirements. Memorandum from Nicole Reilly, Project Engineer, to John Hansen, Environmental Planning Specialist (July 14, 2005). The Town Solicitor confirmed this opinion, stating the following in his August 18, 2005 letter: "The second issue [in the Formicola application] related to the use of Barton Avenue for drainage purposes. This has been corrected in that the drainage plan has been redesigned so as to handle this drainage on site. Therefore, this issue is no longer of concern." McSally Letter. The board relied on this evidence during the hearing to conclude that the drainage from the Applicant's property would not violate Narragansett Zoning Ordinance § 12.5(5)'s requirement that the granting of a special use permit not "substantially or permanently injure the appropriate use of surrounding property." The Court finds that the evidence on which the board relied to arrive at its conclusion that approval of these permits would not injure the rights of adjoining property owners was "substantial evidence," as required by the statute. *Page 7 
Runoff from the Adjacent Property at 118 Point Judith Road
While the Applicant took steps to rectify the drainage from his particular property, the Plaintiff argued that this project would exacerbate drainage and runoff problems that already exist in this area of Point Judith Road. The Applicant argued that the excess water from 118 Point Judith Road represented a separate issue from the increased runoff from the Formicola property.
The Applicant characterized the Plaintiff's concerns about the runoff from 118 Point Judith Road as tangential to the Formicola application because the Applicant neither owns nor controls the property at 118 Point Judith Road. Tr. I at 18-19. In addition, the Applicant produced expert testimony that the proposed project would not injure the surrounding properties nor exacerbate any existing run-off problems from 118 Point Judith Road. Tr. I at 30, 57.
The Plaintiff presented no expert witnesses to support its argument that the Formicola application would lead to additional run-off problems. Although the Town had initially expressed concerns about the runoff, Applicant's expert testimony addressed that concern. The Plaintiff's argument regarding 118 Point Judith Road stems from comments made by the Plaintiff's attorney during the hearing. Such statements made by an attorney during a zoning hearing do not constitute evidence upon which the board can rely to make its decision. Pellini v. ZoningBd. of Rev. of Providence, 238 A.2d 484, 486 (R.I. 1968). In the face of expert testimony from the Applicant's professional engineers, the comments made by the objectors' attorney lack the evidentiary weight the Plaintiff would need to overturn the board's decision. The board relied on "substantial evidence" *Page 8 
to arrive at its conclusion, and there is no adequate basis to overturn the board's reliance, or the weight given to that evidence.
 CONCLUSION
After reviewing the record below, this Court finds that the board's decision to approve the Formicola application was based on substantial, reliable, and probative evidence. Approval of the Applicant's special use permits did not violate the Plaintiff's substantial rights, nor was the board's decision clearly erroneous. Therefore, this Court affirms the board's decision in approving the Formicola application. An appropriate form of judgment should be submitted reflecting this Court's affirmance of the board's decision.
[1] During the hearing, the Plaintiff also argued that approval of the Formicola application would increase traffic on side roads that access the properties in the vicinity of the Formicola property. The Plaintiff did not provide sufficient evidence to support this claim of increased traffic and decreased safety. The evidence presented on this issue was speculative, inconclusive and ultimately unpersuasive. *Page 1